RECEIVED

OCT 1 0 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| WILSON SAVOY | CIVIL ACTION NO. 04-1931 |
| VERSUS | JUDGE DOHERTY |
| BORDEN'S MILK PRODUCTS, LP | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

This matter comes before the Court on a Motion for Summary Judgment [Doc. 12] filed on behalf of Borden's Milk Products, LP (Borden's) seeking to dismiss, in their entirety, Plaintiff's claims of wrongful termination under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and a Louisiana statute prohibiting discrimination, La. R.S. 23:323. This Court, having reviewed the briefs and documentation submitted in both support of and in opposition to defendant's Motion for Summary Judgment concludes that summary judgment should be GRANTED.

### I. Factual Background

Complainant, Wilson Savoy, was employed by Borden's in their Lafayette, Louisiana facility from July 16, 1996 until August 19, 2003. Prior to his employment with Borden's, Savoy maintained steady employment and has maintained employment since his termination from Borden's. *See* Deposition of Wilson Savoy at pp. 13-20, 80-82, 86, 91. He has a history of "alcoholism and depression", according to his deposition testimony. *See Id.* at p. 39. Mr. Savoy generally worked more than forty (40) hours a week throughout the duration of his tenure at Borden's. *See Id.* at pp. 26, 31. He testified he was able to attend work and perform job responsibilities even on days when he was feeling the after effects of the previous period of drinking. *See Id* at pp. 42, 51, 56. Additionally, he testified he never drank alcohol on the job and his drinking,

he stated, never interfered with his work while he was at Borden's. *See Id.* At pp. 57, 60.

In 1994, Mr. Savoy received treatment at Vermilion Hospital for seven days to address issues of alcoholism and depression. *See Id* at p. 39. After he received this treatment, he testified he did not drink alcohol again until 1997. *See Id.* At pp. 53, 55. Mr. Savoy testified in his deposition that Borden's was fully supportive during this period of treatment in 1997, and also admitted he was treated the same by Borden's after his treatment as he was before. *See Id.* at pp. 56, 95-96. Savoy stated that after he received treatment in 1997, he did not drink alcohol again until 2002. *See Id.* at pp. 102-103. In 2002, as a result of his resumption of drinking, he again sought treatment for alcohol abuse and he testified that Borden's treated him in the same manner both before and after he received treatment in 2002. *See Id.* p. 105. Mr. Savoy testified that after his treatment in 2002 was completed, he did not drink alcohol again until August, 2003, at which time he again entered treatment for alcohol abuse. *See Id.* pp. 105, 72. He testified he was able to perform his job, take care of his family and other normal activities after his treatment in 2002 until he began to drink again in August, 2003. *See Id.* at p. 105.

According to the defendant, Mr. Savoy's employment with Borden's was severed pursuant to rules contained in the Borden's Employee Handbook in August of 2003 when Savoy failed to report to work for three (3) consecutive days, and failed to notify Borden's in *advance* that he would be unable to attend work. Mr. Savoy had his wife call Borden's *during* the three day absence to inform Borden's that he would be unable to go work. As noted, and as per the promulgated rules of its handbook, Borden's deemed this notice insufficient and terminated Savoy's employment. Savoy was receiving treatment for alcohol abuse at the time his employment with Borden's ended. *See Id.* at p. 105. Mr. Savoy admits he was aware of the rules contained in Borden's Employee

Handbook as demonstrated by his signing an acknowledgment and by way of his deposition testimony. *See Id.* pp. 23-24, 35, 92, 96, 101. Borden's argues this policy was uniformly applied to all employees.

## II. Law and Analysis

### A. Summary Judgment Standard

Summary judgement is appropriate where the facts and law as represented in the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. Proc. 56(c). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 47 U.S. 317, 325 (1986). Only after a proper motion for summary judgment is made, must the non-movant set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e). In making its determination of whether or not summary judgment is appropriate, the court draws all justifiable inferences in favor of the non-moving party. *Williams v. Kaufman County*, 352 F.3d 994, 1001 (5th Cir. 2003). "A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the non-moving party." *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 762 (5th Cir. 2001).

## B. The Americans with Disabilities Act

The ADA was enacted in part to protect qualified individuals with disabilities from discrimination in the workplace. Unlawful discrimination includes firing an individual because of his disability. 42 U.S.C. § 12112(a). The act defines a qualified individual with a disability as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A disability under the act is defined as either (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2).

According to ADA regulations, a major life activity means "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and **working.**" 29 C.F.R. § 1630.2(i). (emphasis added). When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs: or a broad range of jobs in various classes. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (quoting 29 C.F.R. § 1630.2(j)(3)(i)). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i).

Where the claim is that the plaintiff was "regarded as" having a substantially limiting impairment, the requirement that the perceived impairment be a substantially limiting disability remains, and the plaintiff bears the burden of making a *prima facie* showing that the impairment, as the defendant perceived it, was substantially limiting. *Deas v. River West, L.P.*, 152 F.3d 471, 476 (5th Cir. 1998). Three general situations have been defined in which a plaintiff qualifies for the

ADA's protection under the "regarded as" prong: (1) when an individual has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment; (2) when an individual has an impairment which is substantially limiting only because of the attitudes of others toward such an impairment; or (3) when an individual has no impairment at all but is regarded by the employer as having a substantially limiting impairment. *See* 29 C.F.R. § 1630.2; *Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th Cir. 1996). The term "substantially limits" has been defined in the EEOC regulations as being either "'[u]nable to perform a major life activity that the average person ... can perform' or '[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activiity.'" *Deas* at 480, quoting 29 C.F.R. § 1630.2(j)(1)(i) and (ii).

### C. Plaintiff was/was not disabled

As noted previously, Mr. Savoy is asserting claims for wrongful termination due to his alleged disability. His claims are brought pursuant to 42 U.S.C. §12112(a) and La. R.S. 23:323. Because the analysis to determine whether Mr. Savoy will prevail in his federal claim is the same analysis to determine if he will prevail on his state law claim, state and federal courts should look to federal courts' interpretation of the ADA for guidance in analyzing discrimination claims brought under state law.[1] Thus, this Court's disposition of Savoy's ADA claim will also dispose of his state law claim.

---

[1] Although this Court has found no 5th Circuit jurisprudence directly on point, the district courts in this state appear to be in agreement. *Crocker v. City of Kenner*, 2002 WL 31115255 (E.D.La.); *Mincey v. Dow Chem. Co.*, 2002 WL 1902107 (M.D.La.); *Fields v. St. Bernard Parish Sch. Bd.*, 2000 WL 1560012.(E.D.La.)

In order to prevail in his federal and state law claims, the plaintiff must meet the threshold requirement of showing he had a disability or was a disabled person at the time he was fired. *Dupre v. Charter Behavioral Health Systems of Lafayette, Inc.*, 242 F.3d 610 (5th Cir.2001). "Consideration of a claim under subsection A of the definition of disability under the ADA proceeds in three steps." *Bragdon v. Abbot*, 524 U.S. 624, 118 S.Ct. 2196. The plaintiff must (1) have a mental or physical impairment that (2) substantially limits (3) a major life activity. *Id.* Savoy argues that he was substantially limited in one major life activity: working. For purposes of this Motion, both parties have conceded that working is a major life activity. The parties also do not dispute Savoy's alcohol abuse constitutes an impairment within the meaning of the ADA. However, not all impairments are serious enough to be considered disabilities under the statute. The 5th Circuit has stated an impairment that only creates "moderate difficulty" in performing a major life activity does not qualify as a disability under the ADA. *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021 (5th Cir.1999). To be considered a "disability", an impairment must **substantially limit** a major life activity. *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723 (5th Cir. 1995). (emphasis added).

Although the ADA does not, as noted above, define "substantially limits" the EEOC has promulgated regulations under the ADA that defines that term. Whether the impairment is substantially limiting depends on "(1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact. Savoy claims that entering alcohol treatment three (3) times, for approximately one (1) week per treatment, over a more than seven (7) year employment period at Borden's constitutes a substantial limitation of a major life activity. However, Mr. Savoy's own testimony is his greatest obstacle in proving this assertion because he admits, as noted above, that his use of alcohol has never substantially limited

one or more major life activity. Mr. Savoy stated multiple times that he has maintained gainful employment for over twenty (20) years. He also stated his alcohol use affected him occasionally in the typical and predictable residual feelings the morning after, but he never missed work as a result of his drinking alcohol, and was able to take care of himself and his family. *See* Exh. "A" at pp. 15-16, 19, 21, 41, 42, 54 and 52.

The 5th Circuit has stated:

> . . . that Burch's inebriation was temporarily incapacitating is not determinative. Burch produced no evidence that the effects of his alcohol-induced inebriation were qualitatively different than those achieved by an over-indulging social drinker; in both situations, the natural result of overindulgence is the temporary impairment of senses, dulled reactions. . . . Although Burch's alcoholism assuredly affected how he lived and worked far more is required to trigger coverage. . . . **Permanency, not frequency, is the touchstone of a substantially limiting** impairment. Although Burch's alcoholism may have been permanent, he offered no evidence that he suffered from any substantially limiting impairment of any significant duration. . . . Burch offered **no testimony** that his **inebriation permanently affected his ability to perform major life functions**. (emphasis added).

*Burch v. Coca-Cola*, 119 F.3d 305 (5th Cir. 1997). Like the plaintiff in *Burch*, Savoy's drinking problems did not substantially limit one or more of his major life activities. Rather, plaintiff's alcoholism simply resulted in his discomfort and decreased productivity. Thus, Mr. Savoy does not meet the definition requisite to a finding of disability in regards to a major life activity under the federal or state requirements.[2]

---

[2] Plaintiff's extremely terse memorandum does not address the second and third definition of disability under the ADA. Thus, this Court finds the plaintiff has not rebutted the defendant's arguments concerning the absence of evidence on these points.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment [Doc. 12] is **HEREBY GRANTED**. As this disposes of all of plaintiff's claims before this Court, the parties shall submit a judgment within ten (10) days that is agreed to by both parties.

THUS DONE AND SIGNED in chambers, this 10th day of October, 2006.

*[signature]*
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE